## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| TERRY COOK, SR.<br>A/K/A TERRY LYNN COOK | CIVIL ACTION NO. 5:14-cv-2840 |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| ANGELIC COOK | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Terry Cook, Sr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 30, 2014. Plaintiff is a pre-trial detainee who is in the custody of the Caddo Parish Sheriff awaiting trial on felony charges pending in the First Judicial District Court.  He sued his daughter, Angelic Cook, who he claimed stated false claims about him in a police report. He prayed for money damages for defamation, slander, mental pain and suffering, and theft. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### Background

Plaintiff is a detainee in the custody of the Caddo Parish Sheriff; he is awaiting trial on charges of simple rape and has been in custody since April 2014.[1]  He claims that the defendant,

---

[1] See Caddo Corrections, Currently Housed Inmates at
http://www.caddosheriff.org/inmates/?lastName=cook&firstName=terry&sortField=bookingDate

Angelic Cook, "stated in a police report (charges not filed) that I had been having sexual relations with her since Dec 2013, and the last time I had sex with her was 3/21/14. These allegations are false and unfounded causing undue stress."

### *Law and Analysis*

#### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

#### *2. State Actor/Defamation*

Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is not itself a source of

---

&sortOrder=DESC&mm=&yyyy=&lastNameChar=

substantive rights; it merely provides a method for vindicating federal rights conferred

elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999).  "To

state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108

S.Ct. 2250, 101 L.Ed.2d 40 (1988).  Thus, only so-called  "state actors" maybe sued for federal

civil rights violations under 42 U.S.C. § 1983. A private citizen, like this defendant, becomes a

"state actor" only when her conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil

Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood

Hosp*., 180 F.3d 234, 241 (5th Cir.1999).

A private party does not act under color of law or become a "state actor" simply by

invoking state authority. *See  Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1078–79

(5th Cir.1985) ("The execution by a private party of a sworn complaint, which forms the basis for

an arrest, is, without more, not sufficient to make that party's acts state action.").  In short,

plaintiff's claim against this defendant is frivolous.

Further, plaintiff's cause of action is for defamation based upon the allegedly false

statements made by the defendant to the police. The alleged injury to a plaintiff's interest in

reputation, while stating a state law cause of action, does not result in a deprivation of any

"liberty" or "property" recognized by the Fourteenth Amendment or any federal law and,

therefore, cannot form the basis of a § 1983 claim. *See Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct.

1155, 1165–66, 47 L.Ed.2d 405 (1976).

In other words, plaintiff's complaint should be dismissed as frivolous and for failing to

3

state a claim for which relief may be granted.

***Conclusion and Recommendation***

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit  pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  ***See, Douglass v. United Services Automobile Association***, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, October 24, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

4